UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
MAR 30 2016
ARTHUR JOHNSTON
BY_____ DEPUTY

BILLIE FAYE KEYES, JOSHUA ALLEN,
COURTNEY RENA FORTUNE, KARLI FORD
MATTHEWS AND SHELTON S. MATTHEWS            PLAINTIFFS

V.                          CIVIL ACTION NO. 3:16cv228CWR-LRA

PHILIP GUNN, MARK BAKER, RICHARD
BENNETT, CHARLES JIM BECKETT, BILL DENNY,
and THE MISSISSIPPI HOUSE OF REPRESENTATIVES     DEFENDANTS

## COMPLAINT

COME NOW Billie Faye Keyes, Joshua Allen, Courtney Rena Fortune, Karli Ford Matthews and Shelton S. Matthews, all adult resident citizens of Smith County, Mississippi and file this Complaint against Philip Gunn, Mark Baker, Richard Bennett, Charles Jim Beckett, Bill Denny and the Mississippi House of Representatives, Defendants, and would show unto the Court as follows:

1. The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3).

2. The Court has venue pursuant to 28 U.S.C. § 1391(b)(1)(2).

3. This action is brought pursuant to the provisions of 42 U.S.C. § 1983 because the Defendants took action under color of law which deprived plaintiffs of their federal constitutional right to vote and to have equal protection of the law.

## FACTUAL BACKGROUND

On November 3, 2015 a general election was conducted in the State of Mississippi for state and county officials, including members of the Mississippi Legislature. Among the legislative seats at issue was State Representative for District 79, a district composed of the entirety of Smith County, Mississippi and a portion of Jasper County, Mississippi.

4. The result of the District 79 race was a tie between Blaine "Bo" Eaton and Mark K. Tullos. The official vote count for Jasper County, Mississippi was duly certified to the Secretary of State of the State of Mississippi. The official vote count of Smith County, Mississippi was duly certified to the Secretary of State of the State of Mississippi on November 12, 2015.

5. Pursuant to state law, Miss. Code § 23-15-605, on November 20, 2015, the Governor of the State of Mississippi and the Secretary of State of the State of Mississippi in the presence of Mr. Tullos and Mr. Eaton determined the election "by lot, fairly and publicly drawn." Mr. Eaton was declared the lawful winner of State Representative from District 79.

6. Despite the state law and his commitment to abide by same, Mr. Tullos had on November 19, 2015 filed a petition to contest the election in the Mississippi House of Representatives.

7. When the 2016 Session of the Mississippi Legislature convened, Mr. Eaton was duly sworn in and took his seat as the duly elected Representative of District 79 in the Mississippi House of Representatives.

8. A Special Committee appointed to consider the election contest filed by Mr. Tullos held hearings on January 14, 2016 and January 15, 2016. The Special Committee adopted a Resolution which recommended that Mr. Tullos be seated as the Representative for District 79. The Resolution recited that the Special Committee determined not to count five ballots cast pursuant to Mississippi's affidavit statute, Miss. Code § 23-15-13. The Smith County Election Commission had counted such ballots. The Special Committee at no place identified which affidavit ballots were counted and which were not. The Resolution of the Special Committee was adopted by the full House of Representatives on January 20, 2016. On January 22, 2016, after both houses of the Legislature had recessed for the weekend, Mr. Tullos was sworn in as the Representative for District 79. Mr. Eaton, thus, was removed from the office to which he had been legally selected.

## THE PLAINTIFFS

9. <u>Billie Faye Keyes</u>. Ms. Keyes is a registered voter of Smith County, Mississippi, qualified under the law to vote in the race for District 79 Representative on November 3, 2015. She appeared to vote in the precinct where she was qualified to vote, the Summerland Precinct, but her name was not on the poll book. She voted an affidavit ballot. The Smith County Election Committee investigated her status after November 3, 2015 and determined that a mistake had been made in the poll books so that her name appeared in an incorrect precinct. The Smith County Election Commission counted her vote. Ms. Keyes

voted for Mr. Eaton. She does not know whether her vote was counted. She does not know if she is among the unidentified five affidavit ballots thrown out by the Special Committee of the Mississippi House of Representatives, and thereafter by the full House of Representatives.

10. Joshua Allen. Mr. Allen is a qualified voter of Smith County, eligible to vote for Representative of District 79. He appeared to vote at the precinct in which he resided on November 3, 2015 but his name was not on the poll book. He voted by affidavit ballot as authorized by Miss. Code § 23-15-13. The Smith County Election Commission thereafter investigated Mr. Allen's status and determined that the Statewide Election Management System (SEMS) computer had erroneously transferred Mr. Allen's voter registration to Webster County, Mississippi. The Smith County Election Commission accepted the affidavit ballot. Mr. Allen, however, does not know if his vote was one of the five affidavit ballots thrown out by the Special Committee and Mississippi House of Representatives because there is no identification of the ballots discounted. Mr. Allen voted for Mr. Eaton.

11. Courtney Rena Fortune. Ms. Fortune is a qualified voter of Smith County, Mississippi, eligible to vote for Representative in District 79. On November 3, 2015 she appeared to vote in the precinct of her residence but her name was not on the poll book. Pursuant to Miss. Code § 23-15-13, she voted by affidavit ballot. The Smith County Election Commission investigated and determined that Ms. Fortune did in fact reside in the precinct where she appeared to vote and counted her affidavit ballot. Because the Special Committee

and Mississippi House of Representatives did not identify which affidavit ballots were thrown out, Ms. Fortune does not know whether her affidavit ballot was counted as required by law. However, the Special Committee Resolution recites that affidavit votes thrown out involved electors who "moved their residence to a different voting precinct within the county, and yet, did not more than thirty days prior to the election, make a written request of the Circuit Clerk to have their registration transferred to their new voting precinct." Ms. Fortune suspects that her vote was thrown out because of this statement. She voted for Mr. Eaton.

12. <u>Karli Ford Matthews</u>. Ms. Matthews is a qualified elector in Smith County, Mississippi eligible to vote in the precinct in which she resides. She appeared to vote in that precinct on November 3, 2015 but her name was not on the poll book. Pursuant to Miss. Code § 23-15-13 she was allowed to vote by affidavit ballot. The Smith County Election Commission counted her vote. She does not know if her vote was thrown out by the Special Committee and Mississippi House of Representatives because they did not identify whose votes they threw out. However, the Special Committee Resolution recites that affidavit votes thrown out involved electors who "moved their residence to a different voting precinct within the county, and yet, did not more than thirty days prior to the election, make a written request of the Circuit Clerk to have their registration transferred to their new voting precinct." Ms. Matthews suspects that her vote was thrown out because of this statement. She voted for Mr. Eaton.

13. <u>Shelton S. Matthews</u>. Mr. Matthews is a qualified elector in Smith County, Mississippi eligible to vote in the precinct in which he resides. He appeared to vote in that precinct on November 3, 2015 but his name was not on the poll book. Pursuant to Miss. Code § 23-15-13 he was allowed to vote by affidavit ballot. The Smith County Election Commission counted his vote. He does not know if his vote was thrown out by the Special Committee and Mississippi House of Representatives, because they did not identify whose votes they threw out. However, the Special Committee Resolution recites that affidavit votes thrown out involved electors who "moved their residence to a different voting precinct within the county, and yet, did not more than thirty days prior to the election, make a written request of the Circuit Clerk to have their registration transferred to their new voting precinct." Mr. Matthews suspects that his vote was so discounted because of this statement. However, Mr. Matthews had appeared at the Circuit Clerk's office on two separate occasions and requested change of his residence on the poll book. It was not done. He voted for Mr. Eaton.

## OTHER VOTERS BY AFFIDAVIT BALLOT

14. Thirty persons voted by affidavit ballot in Smith County on November 3, 2015. The Smith County Election Commission duly investigated all 30. The Commission found nine votes were qualified in the precinct where they appeared to vote, including the five plaintiffs and four other persons. The Commission found that 21 other affidavit voters were not qualified. The Special Committee, individual Defendants and the Mississippi House of Representatives accepted those findings of the Election Commission.

15. The five plaintiffs, and the four affidavit voters not named plaintiffs herein, are entitled to know whether their votes were counted. Miss. Code § 23-15-573(4). The Special Committee, individual Defendants and House of Representatives by failing to disclose the five affidavit ballots which they threw out have prevented any of the nine affidavit voters from knowing whether their votes counted.

## THE INDIVIDUAL DEFENDANTS

16. Philip Gunn is the Speaker of the Mississippi House of Representatives. He presides over sessions of the House, appoints its committees, signs its acts and resolutions and has general control of the Hall of the House. The Defendant Gunn appointed the Special Committee; presided over the House proceedings on its Resolution referenced in Paragraph (8) and participated in the swearing in of Mark Eaton in violation of Plaintiffs' federal constitutional rights on January 22, 2016.

17. The Defendants Mark Baker, Richard Bennett, Charles Jim Beckett and Bill Denny are members of the Mississippi House of Representatives and of the Special Committee referenced in Paragraph (8). Each of them voted to deny the federal constitutional rights of the Plaintiffs. The Special Committee vote was 4-1.

## THE DEFENDANTS HAVE DISENFRANCHISED NINE VOTERS IN VIOLATION OF THE UNITED STATES CONSTITUTION

18. The actions of the Defendants have disenfranchised qualified voters from participating in the electoral process in violation of their constitutional right to vote and to equal protection under the law pursuant to the United States Constitution.

As stated by the United States Supreme Court:

> No right is more precious in a free country than that of having a voice in the election of those who make the laws under which, as good citizens, we must live. Other rights, even the most basic, are illusory if the right to vote is undermined. *Wesberry v. Sanders*, 376 U.S. 1, 17 (1964).

19. The Special Committee, individual Defendants and therefore the House of Representatives in accepting its Resolution, predicated throwing out five votes based on the explanation referenced in paragraphs 11, 12 and 13 above. Ms. Fortune, Ms. Matthews and Mr. Matthews all believe they were included in this number.

20. Even the Mississippi House of Representatives is subject to the United States Constitution. The Defendants are not allowed to violate the constitutional rights of the States's citizens. *Bond v. Floyd*, 385 U.S. 116, 137 (1966).

21. The recited justification for the action taken has been rejected by opinion of the Attorney General of the State of Mississippi. Attorney General Opinion, 1987 WL 121651 (Miss. A.G.). It has been rejected by the Secretary of State, the office charged by law with supervision of state elections. It has been rejected by the Help America Vote Act, 52

U.S.C. § 21082, which has been recognized by act of the Mississippi Legislature. It has been rejected by the United States Supreme Court in *Bush v. Gore*:

> The right to vote is protected in more than the initial allocation of the franchise. Equal protection applies as well to the manner of its exercise. Having once granted the right to vote on equal terms, the State may not, by later arbitrary and disparate treatment value one person's vote over that of another. 531 U.S. 98, 104-05 (2000).

The action of the House of Representatives is contrary to the position taken by the Speaker of the House in prior judicial proceedings where he was participant in an election contest:

> There are seven voters who moved within Hinds County from one precinct to another and more than thirty days before the election. Their voter registration was still at their old address, but in accordance with the law, they voted by affidavit ballot at their new address. The HCEC (Hinds County Election Commission) has refused to count these affidavit ballots saying that § 23-15-13, Miss. Code Ann., attached hereto as Exhibit K̶ *k* requires a voter who moves more than thirty days before the election to make a written request of the clerk to transfer his voter registration to his new precinct; otherwise said voter is not allowed to vote by affidavit ballot.
>
> <u>Such an interpretation of this statute is incorrect</u>. (emphasis added)

Petition of Philip Gunn for Emergency Hearing, Injunctive Relief, and Judicial Review in the Circuit Court of the First Judicial District of Hinds County, Mississippi, Civil Action No. 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CIV, para. D, p. 9, September 16, 2003, in the case of *Philip Gunn v. Jep Barbour*.

22. Further, the Mississippi Supreme Court has clearly stated:

> If the integrity of a ballot is unquestioned, there is no good reason to disenfranchise a voter for some technical aberration beyond his control. *Wilbourn v. Hobson*, 608 So.2d 1187, 1193 (Miss. 1992).

Nor will "mere technical irregularities in the casting of ballots . . . be grounds for invalidation absent evidence of fraud or intentional wrongdoing." *Boyd v. Tishomingo County Democratic Executive Committee*, 912 So. 2d 124, 129 (Miss. 2005) (emphasis added).

23. The Special Committee Resolution recommended by the individual Defendants and adopted by the House of Representatives, including the Speaker and other individual Defendants, "finds and determines that [throwing out five votes of qualified electors] represents the true will of the qualified electors within District 79." The "true will" of the qualified electors of District 79 requires that the votes of all qualified electors be counted, including all nine affidavit ballots which the Smith County Election Commission, with the concurrence of the Secretary of State of the State of Mississippi, counted. While the House of Representatives purported to deal only with the election of a Representative for House District 79, they also disenfranchise the votes cast by qualified voters for Governor, Lt. Governor, Secretary of State, Attorney General, State Auditor, State Treasurer, Commissioner of Agriculture and Commerce, Commissioner of Insurance, Public Service Commissioner for the Southern District, Transportation Commissioner for the Southern District, District Attorney for District 13, State Senate for District 41, Circuit Court Judge for District 13, Smith County Chancery Clerk, Smith County Circuit Clerk, Smith County

Coroner, Smith County Sheriff, Smith County Superintendent of Education, Smith County Tax Assessor, for Supervisor, Justice Court Judge and Constable in applicable districts and posts and with respect to Initiative Measure No. 42.

24. The Plaintiffs are entitled to redress pursuant to 42 U.S.C. § 1983 and to their reasonable attorney fees for prosecuting this action in accordance with 42 U.S.C. § 1988(b). The Plaintiffs do not seek monetary damages. The Plaintiffs seek only such equitable and prospective remedy, including declaratory or injunctive relief, as the Court deems appropriate to redress the violation of the federal constitutional rights of the Plaintiffs to equal protection of the law.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Court find that the actions of the Defendants in casting out affidavit ballots which these Plaintiffs and others lawfully cast on November 3, 2015 by affidavit ballot be found in violation of the Equal Protection Clause of the United States Constitution; that those votes be counted as certified to the Secretary of State; that the action taken by the Governor and Secretary of State of the State of Mississippi on November 20, 2015 in determining Blaine "Bo" Eaton to be the lawful Representative of House District 79 be recognized and validated by this Court and that his position in the Mississippi House of Representatives be restored unto him; that the Court declare the action of the Special Committee to be in violation of the Equal Protection Clause of the United States Constitution; and that the Court award reasonable attorney fees pursuant to 42 U.S.C. § 1988(b).

Plaintiffs prays for such other general and equitable relief as the Court finds proper.

Respectfully submitted,

**BILLIE FAYE KEYES, JOSHUA ALLEN, COURTNEY RENA FORTUNE, KARLI FORD MATTHEWS AND SHELTON S. MATTHEWS, PLAINTIFFS**

BY: _____
John G. Corlew, Their Attorney

John G. Corlew (MSB # 6526)
CORLEW MUNFORD & SMITH PLLC
4450 Old Canton Road; Suite 111 (39211)
Post Office Box 16807
Jackson, MS 39236-6807
Telephone: 601-366-1106
Facsimile: 601-366-1052
jcorlew@cmslawyers.com

William R Ruffin
Attorney at Law
12 N Third St Bay Springs, MS (39422-9798)
Post Office Box 565
Bay Springs, MS 39422-0565
Telephone: 601-764-4555
Facsimile: 601-764-2234
attywrr@bayspringstel.net