IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**BILLIE FAYE KEYES, et al.**                                                                                    **PLAINTIFFS**

**V.**                                                                     **CIVIL ACTION NO. 3:16cv228 CWR-LRA**

**PHILIP GUNN, et al.**                                                                                        **DEFENDANTS**

**BRIEF IN SUPPORT OF MOTION TO DISMISS
FOR LACK OF JURISDICTION**

Five registered Smith County voters have sued five Members of the Mississippi House of Representatives and the House itself under 42 U.S.C. § 1983, alleging violation of their rights under the Equal Protection Clause of the Fourteenth Amendment. Complaint ¶ 18 [Dkt. 1]. The only concrete relief sought in their prayer seeks the determination of "Blaine 'Bo' Eaton to be the lawful Representative of House District 79 . . . and that his position in the Mississippi House of Representatives be restored unto him." Neither former Representative Eaton nor Mark Tullos, the serving Representative from House District 79, is a party to this action.

For at least two reasons, this Court lacks jurisdiction to entertain the complaint. First, Congress did not vest the District Courts with jurisdiction to resolve election contests for State Legislatures. *Hubbard v. Ammerman*, 465 F.2d 1169, 1180 (5th Cir. 1972), citing 28 U.S.C. § 1344. Second, absent explicit congressional authority, not present here, jurisdiction over these defendants is barred by the Eleventh Amendment to the United States Constitution.

**STATEMENT OF THE CASE**

On January 22, 2016, the House of Representatives of the State of Mississippi, exercising the authority vested in it by Art. 4, § 38, Miss. Const. (1890), voted to seat Mark Tullos as the duly elected Representative from District 79. Plaintiffs, who allege their votes for the previous

incumbent, Blaine "Bo" Eaton, may have been disregarded, ask this Court to order the House to seat Eaton instead.  They claim that the House acted "in violation of their constitutional right to vote and to equal protection under the law pursuant to the United States Constitution." Complaint ¶ 18.

The individual defendants were involved in the process preceding the House vote, but there is no allegation that any of them differs in any significant way from the other Representatives who voted to seat Representative Tullos.  Because the election was contested, Speaker Philip Gunn, acting pursuant to House Rule 104B, appointed a Special Committee of five Members:  Mark Baker, Richard Bennett, Charles Jim Beckett, Bill Denny, and Linda Coleman.  The Speaker and the Members of the Committee, except for Representative Coleman, have been named as defendants.[1]  The complaint registers no objection to the composition or the conduct of the Special Committee.  It simply challenges the constitutionality of the action that the Special Committee recommended to the House.

Plaintiffs proceed pursuant to 42 U.S.C. § 1983.  Complaint ¶ 3.  That statute authorizes suit against a "person" acting "under color of" state law for the "deprivation of any rights, privileges, or immunities secured by the Constitution and the laws."  The only right of which plaintiffs claim to have been deprived is "their constitutional right to vote and equal protection under the law pursuant to the United States Constitution."  The relief plaintiffs seek is the restoration of former Representative Eaton to the seat he formerly occupied.

## ARGUMENT

**I.    CONGRESS HAS NOT VESTED THIS COURT WITH JURISDICTION TO RESOLVE LEGISLATIVE ELECTION CONTESTS.**

---

[1] Representative Coleman is no longer a Member of the House, having been appointed by Governor Bryant as a Circuit Judge.

"28 U.S.C. § 1344 is the only Act of Congress conferring jurisdiction on a United States District Court in a state or local election contest (primary or general) to hear and decide the issue of who has received a majority of the votes legally cast." *Hubbard*, 464 F.2d at 1180. This holding has never been questioned and remains good law today.

Quite plainly, these five plaintiffs ask this Court to rule that their votes were "legally cast." They allege that the Special Committee recommended that five votes be disregarded as illegal, and plaintiffs Courtney Rena Fortune, Karli Ford Matthews, and Shelton S. Matthews allege themselves to have been among the five. Complaint ¶ 19.[2] They allege that, had no votes been disregarded, Eaton would have been lawfully elected by the drawing of lots, pursuant to Miss. Code Ann. § 23-15-605 (Rev. 2015). Complaint ¶ 5. Plaintiffs' entitlement to the relief they seek, then, depends upon the alleged legality of their votes.

The statute construed in *Hubbard* reads in pertinent part:

> The district courts shall have original jurisdiction of any civil action to recover possession of any office, except that of elector of President or Vice President, United State Senator, Representative in or delegate to Congress, or member of a state legislature, authorized by law to be commenced, wherein it appears that the sole question touching the title of the office arises out of denial of the right to vote, to any citizen offering to vote, on account of race, color or previous condition of servitude.

28 U.S.C. § 1344. In *Hubbard*, the Fifth Circuit found jurisdiction lacking because there was no showing of racial discrimination. Rather, the dispute "turned altogether towards state issues," whether certain votes had been counted in violation of state law. 465 F.2d at 1180. Moreover,

---

[2] Since plaintiffs Billie Faye Keyes and Joshua Allen apparently do not believe that their votes were disregarded, it is hard to imagine what injury they believe themselves to have suffered.

3

because the candidate for office did not join in the complaint, "[t]hese 127 plaintiffs, therefore, clearly lack standing to invoke this statute." *Id.*[3]

The same jurisdictional shortcomings are apparent on the face of this complaint.  Only former Representative Eaton has standing to seek his restoration to the House under § 1344, and he has not done so.  Moreover, the complaint makes no effort to allege racial discrimination, the evil which § 1344 was adopted to remedy.  Indeed, this complaint is even more defective than the complaint in *Hubbard* because § 1344 explicitly exempts actions disputing the election of a "member of a state legislature."  Because § 1344 "is the only Act of Congress conferring jurisdiction . . . in a state or local election contest," *id.*, there can be no jurisdiction over this election contest.

Despite the unequivocal language of the Fifth Circuit in *Hubbard*, it may be argued that Congress elsewhere authorized jurisdiction over "a state or local election contest."  Here, plaintiffs proceed under the substantive provisions of 42 U.S.C. § 1983 and its jurisdictional counterpart, 28 U.S.C. § 1343(a)(3).  Complaint ¶¶ 1, 3.  However, that was exactly the jurisdictional basis that the Fifth Circuit rejected in *Hubbard*.  The Fifth Circuit went so far as to quote the complaint, which alleged plaintiffs' rights "of having their votes counted under the provisions of 42 U.S.C. § 1983, and also to secure equal protection of the laws to their rights of suffrage, which are being denied them at this time, in contravention of Amendments XIV and XV of the United States Constitution.  All of which shows jurisdiction in this court." *Id.*, at 1177.  These are exactly the statutory and constitutional provisions upon which plaintiffs here rely, and the Fifth Circuit found them insufficient to support jurisdiction.  Having found § 1344 to be the only possibly applicable

---

[3] Ironically, plaintiffs in ¶ 20 of their complaint rely on *Bond v. Floyd*, 385 U.S. 116 (1966), *rev'g* 251 F. Supp. 333 (N.D. Ga. 1966).  There, the District Court found that voters lacked standing to object to Representative Bond's exclusion from the Georgia House.  251 F. Supp. at 339.  The Supreme Court did not reach that issue on appeal.  385 U.S. at 137 n.14.

Act of Congress, the Court held "that the district court was clearly without jurisdiction to entertain this election contest." *Id.*, at 1180.

*Hubbard* precludes the transformation of an ordinary election contest under state law into a supposed effort to defend federal constitutional rights. *Hubbard* remains good law, and it compels the dismissal of this complaint for lack of jurisdiction.

## II.   THE ELEVENTH AMENDMENT DEPRIVES THIS COURT OF JURISDICTION OVER THESE DEFENDANTS.

In praying that former Representative Eaton be restored to his seat, plaintiffs seek relief against the State of Mississippi. The Eleventh Amendment to the United States Constitution was adopted to preclude federal courts from entertaining suits against sovereign States. "This bar exists whether the relief sought is legal or equitable." *Papasan v. Allain*, 478 U.S. 265, 276 (1986).

The bar of the Eleventh Amendment cannot be evaded by suing officers or agencies instead of the State itself. "A state's Eleventh immunity extends to any state agency or entity deemed an alter ego or arm of the state." *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002). Here, there can be no doubt that the House of Representative is the arm of the State of Mississippi properly designated to decide entitlement to a seat in the House. The sovereign people delegated that authority to the House in Art. 4, § 38, Miss. Const. (1890). There is no need to look further. The House holds all of the power of the State of Mississippi over this subject, and a suit against the House is necessarily a suit against the State, barred by the Eleventh Amendment.

For this reason, the District Court in Louisiana recently dismissed claims asserted against the Legislature of that State. *Hall v. Louisiana*, 974 F. Supp. 2d 944 (M.D. La. 2013). There, plaintiffs sued a multitude of defendants on a multitude of theories in support of their claim that the judicial election plan for Baton Rouge violated federal law. Judge Jackson accepted the Legislature's argument "that it is entitled to Eleventh Amendment immunity." *Id.*, at 952. The

Court had no difficulty in concluding that the Legislature qualified as an "arm of the state." *Id.*, quoting *Perez*, 307 F.3d 326. The Court observed "that Congress has not abrogated the states' immunity for claims arising out of Section 1983." 974 F. Supp. 2d at 953, citing *Inyo County v. Paiute-Shoshone Indians of the Bishop Community of the Bishop Colony*, 538 U.S. 701, 709 (2003). The Legislature had not waived its Eleventh Amendment immunity, nor did any other exception apply. The Court therefore concluded that the "Section 1983 claims against the Legislature are barred by the Eleventh Amendment." 974 F. Supp. 2d at 954.[4]

Plaintiffs here attempt to assert no claims other than under § 1983. Because the Eleventh Amendment deprives this Court of jurisdiction over a § 1983 claim against the Legislature, the complaint against the House must be dismissed.

Nor is there jurisdiction over the five individual Members. Certainly, they are entitled to legislative immunity, which Congress declined to waive in adopting § 1983. *Tenney v. Brandhove*, 341 U.S. 367 (1951).[5] The immunity question is discussed in detail in the separate motion to dismiss on the basis of immunity. For present purposes, however, it is also the case that any claim against the five Members is too insubstantial to support federal jurisdiction.

As already observed, the decision to invalidate certain ballots and to seat Representative Tullos was made by the House, and only the House. The people of Mississippi vested that

---

[4] Another District Court held claims against the Pennsylvania Senate for injunctive relief under § 1983 to be barred by the Eleventh Amendment, a ruling not addressed on appeal. *Larsen v. Senate of the Commonwealth of Pennsylvania*, 955 F. Supp. 1549, 1560-61 (M.D. Pa. 1997), *aff'd* 152 F.3d 240, 244-45 (3d Cir. 1998).

[5] Legislative immunity cannot be evaded by arguing that the House and its Members acted in a judicial capacity. When a non-judicial entity acts in a judicial fashion, the District Court lacks jurisdiction to review its judgment under the principles established by *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). *See Delmarva Power & Light Co. v. Morrison*, 496 Supp. 2d 678 (E.D. Va. 2007) (holding no jurisdiction to review orders entered by state agency in a judicial capacity). The Second Circuit has held that the *Rooker-Feldman* doctrine would bar review of an election contest sought by voters in privity with a candidate. *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77 (2d Cir. 2005).

authority in the House acting as a body, not in its individual Members. These five Members could not have deprived these plaintiffs of anything, because they lack the authority to do so. An injunction against these five Members will not give these plaintiffs anything, because these five Members cannot control the decision of the House.[6] Certainly, these five Members cannot have deprived the plaintiffs of any right guaranteed by federal law. Where "the claim presented is insubstantial or frivolous, jurisdiction then fails." *Johnson v. Hood*, 430 F. 2d 610, 612 n.6 (5th Cir. 1970), citing *Bell v. Hood*, 327 U.S. 678 (1946).

Thus, the House must clearly be dismissed because of the protection of the Eleventh Amendment. Whether or not the individual Members are also entitled to the protection of the Eleventh Amendment, the claim against them is so insubstantial that they must also be dismissed for lack of jurisdiction.

## CONCLUSION

For the reasons stated herein, this Court lacks jurisdiction over the complaint. It must therefore be dismissed.

This 10th day of May, 2016.

    Respectfully submitted,

    **PHILIP GUNN, et al.**

BY:  *s/Michael B. Wallace*
    MICHAEL B. WALLACE (MSB #6904)
    REBECCA HAWKINS (MSB #8786)
    CHARLES E. COWAN (MSB #104478)
    WISE CARTER CHILD & CARAWAY, P.A.
    Post Office Box 651
    Jackson, Mississippi  39205-0651
    Telephone: 601-968-5534

---

[6] Basic standing principles require that the alleged injury is "likely to be redressed by the requested relief." *Daimler Chrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006), quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984). An injunction against the five Members will not redress the injury because they cannot restore former Representative Eaton to the House. Thus, lack of standing is another reason for lack of jurisdiction.

       Fax: 601-944-7738
       mbw@wisecarter.com
       rwh@wisecarter.com
       cec@wisecarter.com

       T. RUSSELL NOBILE (MSB #100682)
       WISE CARTER CHILD & CARAWAY, P.A.
       1105 30th Avenue, Suite 300
       Gulfport, Mississippi  39501-1817
       Telephone: 228-867-7141
       Fax: 228-867-7142
       trn@wisecarter.com

       ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

  I, Michael B. Wallace, hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following:

    John G. Corlew
    CORLEW MUNFORD & SMITH, PLLC
    P. O. Box 16807
    Jackson, MS 39236-6807
    jcorlew@cmslawyers.com

    William R. Ruffin
    P.O. Box 565
    Bay Springs, MS  39422-0565
    attywrr@bayspringstel.net

This the 10th day of May, 2016.

              *s/Michael B. Wallace*
              MICHAEL B. WALLACE