IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**BILLIE FAYE KEYES, et al.**                                                             **PLAINTIFFS**

**V.**                                             **CIVIL ACTION NO. 3:16cv228 CWR-LRA**

**PHILIP GUNN, et al.**                                                          **DEFENDANTS**

<u>**ORAL ARGUMENT REQUESTED**</u>

<u>**MOTION TO DISMISS**
**FOR FAILURE TO STATE A CLAIM**</u>

Pursuant to Fed.R.Civ.P. 12(b)(6), defendants respectfully move this Court to dismiss this action for failure to state a claim upon which relief may be granted as there is no federal constitutional right to vote and because the complaint [Dkt. 1] does not allege facts sufficient to establish a denial of equal protection of the laws.  In support thereof, defendants would show as follows:

1.   Five registered Smith County voters have sued five Members of the Mississippi House of Representatives and the House itself under 42 U.S.C. § 1983, which provides a remedy for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." They claim that defendants "deprived plaintiffs of their federal constitutional right to vote and to have equal protection of the law."  Complaint ¶ 3.

2.   As set forth more fully in the brief submitted in support of this motion, and incorporated herein by reference, this litigation arises from the resolution by the House of an election contest filed by Representative Mark Tullos against former Representative Blaine "Bo" Eaton.  Representative Tullos filed the contest in the House, pursuant to Art. 4, § 38, Miss. Const. (1890), and Rule 104B of the Rules of the House of Representatives, contending that he had won a majority of the lawful votes cast.  Defendant Speaker Philip Gunn appointed defendants Mark

Baker, Richard Bennett, Charles Jim Beckett, and Bill Denny to a Special Committee charged with considering the election contest. Complaint ¶¶ 16-17.[1] That committee adopted a resolution recommending to the full House that Representative Tullos be seated, because it found that five ballots had been improperly counted in violation of Miss. Code Ann. § 23-15-13 (Rev. 2015). Complaint ¶ 8. The House voted to seat Representative Tullos, Complaint ¶ 8, and plaintiffs herein seek to have this Court to "determin[e] Blaine 'Bo' Eaton to be the lawful Representative of House District 79 … and that his position in the Mississippi House of Representatives be restored unto him." Complaint p. 11. They allege that the rejection of their ballots violated "their constitutional right to vote and to equal protection under the law." Complaint ¶ 18.

3. However, as set forth in the supporting brief, plaintiffs' claims herein fail to state a claim upon which this Court may grant relief. First, plaintiffs do not allege the deprivation of a right secured by the Constitution or laws of the United States. "[T]he right to vote in a state election, in itself, is not a right secured by the Constitution or federal law." *Johnson v. Hood*, 430 F.2d 610, 612 (5th Cir. 1970). Further, a proper equal protection claim requires a showing of intentional discrimination, a claim these plaintiffs do not make. *See Hubbard v. Ammerman*, 465 F.2d 1169, 1180 (5th Cir. 1972); *Welch v. McKenzie*, 765 F.2d 1311, 1315 (5th Cir. 1985). Quite simply, a misapplication of Mississippi law—which is all that plaintiffs here allege with regard to Miss. Code Ann. § 23-15-13—does not constitute a deprivation of federal rights for purposes of § 1983.

4. Moreover, plaintiffs are incorrect in asserting that the House misapplied Miss. Code Ann. § 23-15-13. Because the House properly applied the statute, the premise of their argument fails. *See Young v. Hosemann*, 598 F.3d 184, 187, 191-92 (5th Cir. 2010). The House correctly

---

[1] The fifth member, Representative Linda Coleman, is no longer a Member of the House, having been appointed by Governor Bryant as a Circuit Judge.

applied the statute as interpreted by the Mississippi Supreme Court in *Rush v. Ivy*, 853 So. 2d 1226 (Miss. 2003). Plaintiffs have therefore suffered no injury and certainly not a denial of any federal right.

FOR THESE REASONS, as more fully discussed in the supporting brief submitted herewith, defendants respectfully submit that the complaint fails to state a claim upon which relief may be granted, and this Court should dismiss the complaint in accordance with Fed.R.Civ.P. 12(b)(6).

This 10th day of May, 2016.

Respectfully submitted,

**PHILIP GUNN, et al.**

BY: *s/Michael B. Wallace*
MICHAEL B. WALLACE (MSB #6904)
REBECCA W. HAWKINS (MSB #8786)
CHARLES E. COWAN (MSB #104478)
WISE CARTER CHILD & CARAWAY, P.A.
Post Office Box 651
Jackson, Mississippi 39205-0651
Telephone: 601-968-5534
Fax: 601-944-7738
mbw@wisecarter.com
rwh@wisecarter.com
cec@wisecarter.com

T. RUSSELL NOBILE (MSB #100682)
WISE CARTER CHILD & CARAWAY, P.A.
1105 30th Avenue, Suite 300
Gulfport, Mississippi 39501-1817
Telephone: 228-867-7141
Fax: 228-867-7142
trn@wisecarter.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

      I, Michael B. Wallace, hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following:

>John G. Corlew
>CORLEW MUNFORD & SMITH, PLLC
>P. O. Box 16807
>Jackson, MS 39236-6807
>jcorlew@cmslawyers.com
>
>William R. Ruffin
>P.O. Box 565
>Bay Springs, MS  39422-0565
>attywrr@bayspringstel.net

This the 10th day of May, 2016.

                                        *s/Michael B. Wallace*
                                        MICHAEL B. WALLACE