UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**BILLIE FAYE KEYES, JOSHUA ALLEN,
COURTNEY RENA FORTUNE, KARLI FORD
MATTHEWS AND SHELTON S. MATTHEWS**                           **PLAINTIFFS**

**V.**                                     **CIVIL ACTION NO. 3:16cv228-CWR-LRA**

**PHILIP GUNN, ET AL**                                                        **DEFENDANTS**

---

### PLAINTIFFS' RESPONSE TO MOTION TO
### DISMISS FOR LACK OF JURISDICTION (DKT # 4)

---

Come now Plaintiffs and respond to the Defendants' Motion to Dismiss for Lack of Jurisdiction (Dkt # 4), oppose that motion and would show unto the Court as follows:

1.      Defendants allege in their Brief that the "only concrete relief" sought by Plaintiffs is a determination that Blaine "Bo" Eaton is the lawfully elected Representative of House District 79. To the contrary, the relief sought by Plaintiffs is to have their lawfully cast ballots counted; and that the actions of the Defendants in disenfranchising these five Smith County electors be recognized by this Court as unconstitutional. The federal court sits as a court of equity. Plaintiffs have asked the Court for such "general and equitable relief as the Court finds proper." The Court could find that the unconstitutional acts of the Defendants should be set aside and recognize Mr. Eaton as the lawfully Representative of House District 79. But as discussed in Plaintiffs' Combined Memorandum in Response to Defendants' Motions to Dismiss, the federal court has equitable discretion to fashion an appropriate remedy. See Memorandum, Section VIII, Remedy.

2. Defendants assert that Congress did not vest federal courts with jurisdiction to revolve election contests. They suggest that federal courts are impotent in the face of violation of federal constitutional rights. As discussed in the Plaintiffs' Combined Memorandum in Response to Defendants' Motions to Dismiss, the United States Supreme Court says otherwise. See Memorandum, Section II, Supremacy Clause.

3. The Motion to Dismiss for Lack of Jurisdiction asserts that the Eleventh Amendment bars this action. As fully discussed in Plaintiffs' Combined Memorandum in Response to Defendants' Motions to Dismiss, Eleventh Amendment jurisprudence and the doctrine of *Ex Parte Young* allow these Plaintiffs to maintain this suit in this Court against these Defendants under the facts and circumstances of this case. See Memorandum, Section III, Eleventh Amendment.

4. This Court has jurisdiction under 28 U.S.C. Section 1983. See discussion in Plaintiffs' Combined Memorandum in Response to Defendants' Motions to Dismiss, Section VI, Section 1983.

5. The Plaintiffs have standing to challenge Defendants' disenfranchisement of their right to vote. See Plaintiffs' Combined Memorandum in Response to Defendants' Motions to Dismiss, Section V, Standing.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Court deny the Defendants Motion to Dismiss for Lack of Jurisdiction.

DATED: June 27, 2016.

                          Respectfully submitted,

                          BILLIE FAYE KEYES, JOSHUA ALLEN,
                          COURTNEY RENA FORTUNE, KARLI FORD
                          MATTHEWS AND SHELTON S. MATTHEWS

                    BY: /s/  *John G. Corlew*
                          JOHN G. CORLEW

John G. Corlew (MSB # 6526)
CORLEW MUNFORD & SMITH PLLC
4450 Old Canton Road; Suite 111 (39211)
Post Office Box 16807
Jackson, MS 39236-6807
Telephone: 601-366-1106
Facsimile: 601-366-1052
jcorlew@cmslawyers.com

William R Ruffin
Attorney at Law
12 N Third St Bay Springs, MS (39422-9798)
Post Office Box 565
Bay Springs, MS 39422-0565
Telephone: 601-764-4555
Facsimile: 601-764-2234
attywrr@bayspringstel.net

3

## CERTIFICATE OF SERVICE

  I, John G. Corlew, hereby certify that I electronically filed the foregoing with the Clerk of Court using the ECF system which will automatically send email notification of such filing to the following:

    Michael B. Wallace
    mbw@wisecarter.com

  DATED: June 27, 2016.

         /s/ *John G. Corlew*
         JOHN G. CORLEW