**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**BILLIE FAYE KEYES, et al.** **PLAINTIFFS**

**V.** **CIVIL ACTION NO. 3:16cv228 CWR-LRA**

**PHILIP GUNN, et al.** **DEFENDANTS**

**REBUTTAL BRIEF IN SUPPORT OF**
**MOTION TO DISMISS FOR LACK OF JURISDICTION**

In their single memorandum opposing all of defendants' motions to dismiss, plaintiffs intersperse their jurisdictional arguments throughout their discussions of immunity and the merits. Defendants here identify plaintiffs' truly jurisdictional arguments and demonstrate that they fail for two reasons. First, they wholly fail to distinguish the controlling authority of *Hubbard v. Amerman*, 455 F.2d 1169 (5th Cir. 1972), which holds that election contests can only be brought in federal court under 28 U.S.C. § 1344. Second, even if jurisdiction were available under another statute, they fail to bring themselves within the doctrine of *Ex parte Young*, 209 U.S. 123 (1908), thus necessitating dismissal under the Eleventh Amendment.

## ARGUMENT

### I. *HUBBARD v. AMERMAN* REQUIRES DISMISSAL OF THIS ELECTION CONTEST.

There is nothing ambiguous about the Fifth Circuit's holding in *Hubbard*: "28 U.S.C. § 1344 is the only Act of Congress conferring jurisdiction on a United States District Court in a state or local election contest . . . ." 465 F.2d at 1180. Plaintiffs' complaint is an election contest; the only relief it seeks is an order "determining Blaine 'Bo' Eaton to be the lawful Representative of House District 79 . . . and that his position in the Mississippi House of Representatives be restored unto him." Complaint at 11. Plaintiffs invoke the jurisdiction of this Court under 28 U.S.C. §§

1331 and 1343(a)(3), but not § 1344, the only jurisdictional statute applicable to their claim for relief.  Plaintiffs offer several irrelevant distinctions.

First, they assert that they did not invoke § 1344.  Memo. at 11.  That, of course, is the problem.  Section 1344 is the only applicable jurisdictional statute, and plaintiffs have not even attempted to bring themselves within it.  Plaintiffs proceed under § 1343(a)(3), which is the jurisdictional counterpart of 42 U.S.C. § 1983; that was exactly the jurisdictional basis rejected in *Hubbard*.  *Id*., at 1177.  Because § 1344 is the only statute which provides jurisdiction for an election contest, no other jurisdictional statute will suffice.

Second, they claim that *Hubbard* is limited to election contests in which "no federal constitutional question is involved," *id*., at 1181, and they assert that "here a federal constitutional question is involved."  Memo. at 11.  As defendants have demonstrated in support of their motion to dismiss for failure to state a claim, plaintiffs have failed to allege that any constitutional right has been infringed on these facts, but *Hubbard* is not so broad as to open the door for an election contest simply because some sort of constitutional claim has been raised.  Section 1344, by its terms, allows jurisdiction only for a claim of a "denial of the right to vote, to any citizen offering to vote, on account of race, color or previous condition of servitude," and the Fifth Circuit ordered dismissal in *Hubbard* because there was "no reference to racial discrimination or to the denial of the franchise to any individual on account of his race."  *Id*.  This is not a race case, and § 1344 cannot apply.

Finally, plaintiffs attempt to crawl away from their decision to bring an election contest.  They assert that, "if the Court finds violation of plaintiffs' constitutional right to vote, the Court has a myriad of remedies available to it."  Memo. at 20-21.  Far short of a myriad, plaintiffs do not suggest a single one, other than the seating of former Representative Eaton.

Without a suggested remedy, this Court cannot determine the effect of that remedy on plaintiffs' alleged injury, and, without demonstrating likely relief for their injury, plaintiffs cannot establish standing. Plaintiffs must demonstrate that their alleged injury is "likely to be redressed by the requested relief," *Allen v. Wright*, 468 U.S. 737, 751 (1984), but plaintiffs cannot make that demonstration without requesting some relief other than the seating of Mr. Eaton, which is forbidden outside the context of § 1344.[1] The standing doctrine requires this Court to decline plaintiffs' invitation to determine the constitutional question first and to think up a remedy later.

Because plaintiffs have utterly failed to distinguish *Hubbard v. Amerman*, binding Fifth Circuit precedent requires the dismissal of this action.

## II. PLAINTIFFS HAVE NOT ALLEGED AND CANNOT SATISFY THE ELEMENTS OF *EX PARTE YOUNG*.

Plaintiffs attempt to invoke ordinary federal question jurisdiction under § 1331, the same jurisdictional provision applied in *Ex parte Young*. 209 U.S. at 143-44. *Ex parte Young* is a jurisdictional fiction which allows state statutes to be challenged in federal court, notwithstanding the Eleventh Amendment, by suing the individuals who enforce them. Plaintiffs, however, do not challenge the constitutionality of a state statute, and defendants are not enforcement officers. *Ex parte Young* does not apply.

The leading scholars of the federal courts declare that *Ex parte Young* provides an opportunity for adjudicating "the constitutionality of the state statutes under which they act." 13 C. Wright, A. Miller, E. Cooper & R. Freer, *Federal Practice & Procedure* § 3524.3 at 375 (3d ed. 2008). Moreover, it is necessary that "the state officer sued must have a duty to enforce the challenged state law." *Id.*, at 380. Plaintiffs challenge the constitutionality of no state law, and

---

[1] *Hubbard*, of course, holds that voters lack standing to seek the seating of their favored candidate. 465 F.2d at 1180. Similarly, voters were held to lack standing in *Bond v. Floyd*, 251 F. Supp. 333, 339 (M.D. Ga.), rev'd on other grounds, 385 US. 116 (1966).

defendants have no duty to enforce anything. They simply voted to carry out their constitutional responsibility of resolving a contest for an election to the House under Miss. Const. art. 4, § 38 (1890).

The scope of *Ex parte Young* is broad, but not boundless. It has been on the books since 1908. If it had been used at any point in the ensuing century to resolve an election contest, presumably plaintiffs would have said so. There was no need for the Supreme Court to create a vehicle for election contests in 1908, because § 1344 had already been on the books for decades. Plaintiffs simply fail to meet the standards of that statute.

Plaintiffs correctly note that they seek no damages, but it is unclear what they mean by "[t]heir request for prospective relief." Memo. at 6. They seek to reverse the result of an election that took place last November. They seek to unseat Representative Tullos, who has now completed his first session in the House. They are not seeking an injunction to cover future elections in Smith County or future contests in the House of Representatives. They simply want one Representative replaced with another one, and they cite no case in which *Ex parte Young* has ever been held to permit such a thing.

Plaintiffs completely ignore the District Court cases which have held legislative bodies immune under the Eleventh Amendment. *Hall v. Louisiana*, 974 F. Supp. 2d 944 (M.D. La. 2013); *Larsen v. Senate of the Commonwealth of Pennsylvania*, 955 F. Supp. 1549, 1560-61 (M.D. Pa. 1997), aff'd, 152 F.3d 240, 244-45 (3d Cir. 1998). They feebly suggest that defendants were "acting in a non-legislative role in electing a representative and disenfranchising qualified voters from the process," Memo. at 13, but defendants were simply exercising a power conferred on the House by the Mississippi Constitution. Certainly, they did not act in an executive capacity; rather than instituting the contest, they simply resolved the contest brought before them. Plaintiffs know

that they cannot argue that defendants acted in a judicial capacity, because review would then be barred by the *Rooker-Feldman* doctrine, as explained in footnote 5 on page 6 of defendants' original brief. The conduct of legislative business has never been removed from the protection of the Eleventh Amendment by any case decided under *Ex parte Young*. The bar of the Eleventh Amendment fully applies here.

**CONCLUSION**

For the reasons stated herein and in defendants' original brief, the complaint must be dismissed for lack of jurisdiction.

This 25th day of July, 2016.

Respectfully submitted,

BY: *s/Michael B. Wallace*

MICHAEL B. WALLACE (MSB #6904)
WISE CARTER CHILD & CARAWAY, P.A.
Post Office Box 651
Jackson, Mississippi 39205-0651
Telephone: 601-968-5534
Fax: 601-944-7738
mbw@wisecarter.com

T. RUSSELL NOBILE
WISE CARTER CHILD & CARAWAY, P.A.
1105 30th Ave., Suite 300
Gulfport, Mississippi 39503
Telephone: 228-867-7141
Fax: 228-867-7142
trn@wisecarter.com

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I, Michael B. Wallace, do hereby certify that I have this day caused to be delivered the foregoing pleading or other paper to the following:

John G. Corlew (Via ECF Service)
CORLEW MUNFORD & SMITH, PLLC
P. O. Box 16807
Jackson, MS 39236-6807
jcorlew@cmslawyers.com

William R. Ruffin (Via U.S. Mail)
P. O. Box 565
Bay Springs, MS 39422-0565
attywrr@bayspringstel.net

This the 25th day of July, 2016.

*s/Michael B. Wallace*
MICHAEL B. WALLACE