IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**BILLIE FAYE KEYES, et al.**                                                              **PLAINTIFFS**

**V.**                              **CIVIL ACTION NO. 3:16cv228 CWR-LRA**

**PHILIP GUNN, et al.**                                                             **DEFENDANTS**

**REBUTTAL BRIEF IN SUPPORT OF MOTION TO DISMISS
FOR FALURE TO STATE A CLAIM ON THE BASIS OF IMMUNITY**

As part of their single memorandum opposing all three of defendants' separate motions to dismiss, plaintiffs contend that no defendant is entitled to the protection of the legislative immunity doctrine set forth in *Tenney v. Brandhove*, 341 U.S. 367 (1951). Plaintiffs fail to distinguish any of the cases mandating the dismissal of the House of Representatives, as well as the five individual Members. Moreover, for several reasons, this case is not governed by *Bond v. Floyd*, 318 U.S. 116, rev'g, 251 F. Supp. 333 (N.D. Ga. 1966), a case in which the *Tenney* defense was not raised.

**ARGUMENT**

**I.**     ***TENNEY V. BRANDHOVE* IMMUNIZES THE HOUSE AND ITS MEMBERS.**

Plaintiffs do not dispute that the doctrine of legislative immunity, where applicable, protects both the House and its Members. They admit, "*Alia v. Michigan Supreme Court*, 906 F. 2d 1100, 1101-02 (6th Cir. 1990) found that the Michigan Supreme Court and its seven justices were entitled to legislative immunity when they conducted activity in the legislative sphere in the promulgation of mediation rules." Memo. at 9. They do not attempt to distinguish *Hall v. Louisiana*, 974 F. Supp. 2d 944 (M.D. La. 2013), in which the Court found that "the defense of legislative immunity may be asserted by the Legislature in this case." *Id*., at 956. As for the five Members, plaintiffs admit that "the immunity is for the benefit of the individual." Memo. at 10. If *Tenney* applies in this case, it protects all defendants.

Plaintiffs appear to take the remarkable position that a vote cast pursuant to Miss. Const. art. 4, § 38 (1890), to resolve an election dispute does not constitute a legislative act. Relying upon *Hughes v. Tarrant Cnty., Tex.*, 948 F. 2d 918 (5th Cir. 1991), plaintiffs argue that "some courts in determining between legislative and non-legislative acts distinguish between establishing a policy, act, or law and enforcing or administering it." Memo. at 10. *Hughes* examined the applicability of *Tenney* in the context of the sort of local governments which combine legislative and executive authority. In that case, the local court clerk sued the county commissioners for refusing to pay his attorneys' fees in a dispute with his own court. *Id*., at 919. In examining the claim, the Fifth Circuit reviewed no cases involving state legislatures, where the doctrine of separation of powers is more strictly observed. Reviewing cases against county commissions, city councils, and town planning boards, the Court held that the refusal to pay was not a legislative act. *Id*., at 920-21. Plaintiffs have cited no case in which the Fifth Circuit or any other court has treated a state legislature like a county commission.

Remarkably, plaintiffs rely on *Horton v. Mississippi State Senate*, 68 F.3d 468 (5th Cir. 1995) (table).[1] Memo. at 13. Relying on *Hughes*, this Court ordered the dismissal of the Senate from the case "because state legislators in the act of legislating are absolutely immune from suit." Plaintiffs cannot explain why casting a vote under § 38 is anything other than a legislative function.[2]

---

[1] The text of this unpublished opinion can be found at 1995 WL 581642. Because the decision was issued before January 1, 1996, Rule 47.5.3 of the Fifth Circuit permits it to be cited as precedent if the party provides "a citation to the disposition in a publicly accessible electronic database."

[2] Plaintiffs also contend that the House itself should be considered "a 'person' for purposes of Section 1983, just as it has considered a municipality a 'person.'" Memo. at 13. In an opinion citing *Horton*, Judge Lee explained why state bodies and local bodies are different under § 1983:

> The claim against [Mississippi Department of Human Services] is due to be dismissed, as MDHS, an arm of the State is not a "person" under § 1983, and has immunity under the Eleventh

2

Even for non-legislative acts, the Fifth Circuit in *Hughes* acknowledged that local officials were entitled to qualified immunity.  Even where *Tenney* is not applied, a local official acting outside his legislative capacity is entitled "to the qualified immunity grounded in good faith that is bestowed on other government officials."  68 F.3d at 920, citing *Minton v. St. Bernard Parish Sch. Bd.*, 803 F. 2d 129, 135 (5th Cir. 1986).  Plaintiffs nowhere suggest that defendants acted in bad faith in following the decision of the Mississippi Supreme Court in *Rush v. Ivy*, 853 So. 2d 1226 (Miss. 2003).

In *Rush*, of course, an election contest was resolved in court.  Here, an election contest was resolved in the House, as provided by § 38.  Casting a vote in accordance with a constitutional mandate would appear to be a core legislative function.  If it is anything else, it must be a judicial function, which is unreviewable in this Court under the *Rooker-Feldman* doctrine, as established in footnote 5 on page 6 of defendants' brief in support of their motion to dismiss for lack of jurisdiction.  Because plaintiffs make no effort to answer that demonstration, their effort to escape *Tenney* necessarily fails.

## II.     *BOND V. FLOYD* DID NOT ADDRESS LEGISLATIVE IMMUNITY.

Plaintiffs, not surprisingly, place great weight on *Bond v. Floyd*.  Memo. at 4.  In that case, the Supreme Court of the United States found that the Georgia House of Representatives had refused to seat Julian Bond because of his views on the Vietnam War, a violation of his rights under the First Amendment.  For several reasons, *Bond* does not control here.

---

Amendment.  *See Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 71 (1989) (holding that a state agency is not a person for purposes of § 1983) . . . .

*Williams v. Berry*, 977 F. Supp. 2d 621, 628 (S.D. Miss. 2013).  Because the House itself is unquestionably an arm of the state, it remains immune.

3

In the first place, an examination of the District Court opinion makes clear that the Georgia House never raised legislative immunity as a defense. The doctrine of *Tenney* is not jurisdictional; it is a personal defense which can be waived. Litigants very often have reasons to waive certain defenses in the hope of getting a successful resolution on some other basis. It cannot be known what reason the Georgia House might have had for ignoring its *Tenney* defense, but they never raised it,[3] and nothing the Supreme Court did in *Bond* affects the force of *Tenney* in any way.

The most obvious reason that *Bond* does not apply here is that these plaintiffs lack standing to assert it. Several voters joined Representative Bond as plaintiffs, but the District Court found them to lack standing, 251 F. Supp. at 339, and they declined to appeal. Only Representative Bond was granted relief by the Supreme Court, but former Representative Eaton is not here to request it.

The rule of legislative immunity established in *Tenney* has been applied many times by the Fifth Circuit and by the District Courts. It has continued to be applied in the half century since the Supreme Court decided *Bond*. *Bond* presents no reason why it should not be applied here.

## CONCLUSION

For the reasons stated herein and in defendants' original brief, the complaint should be dismissed on the basis of legislative immunity.

---

[3] Indeed, the Georgia House went so far as to concede that the federal courts would have had full remedial authority had Bond alleged exclusion because of his race. 385 U.S at 130. Whatever reason the House may have had for this concession, it eliminated any need for immunity under *Tenney* to be considered.

4

This 25th day of July, 2016.

                        Respectfully submitted,

BY:   *s/Michael B. Wallace*
       MICHAEL B. WALLACE (MSB #6904)
       WISE CARTER CHILD & CARAWAY, P.A.
       Post Office Box 651
       Jackson, Mississippi  39205-0651
       Telephone: 601-968-5534
       Fax: 601-944-7738
       mbw@wisecarter.com

       T. RUSSELL NOBILE
       WISE CARTER CHILD & CARAWAY, P.A.
       1105 30th Ave., Suite 300
       Gulfport, Mississippi  39503
       Telephone: 228-867-7141
       Fax: 228-867-7142
       trn@wisecarter.com

       ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

I, Michael B. Wallace, do hereby certify that I have this day caused to be delivered the foregoing pleading or other paper to the following:

    John G. Corlew    (Via ECF Service)
    CORLEW MUNFORD & SMITH, PLLC
    P. O. Box 16807
    Jackson, MS 39236-6807
    jcorlew@cmslawyers.com

    William R. Ruffin    (Via U.S. Mail)
    P. O. Box 565
    Bay Springs, MS 39422-0565
    attywrr@bayspringstel.net

This the 25th day of July, 2016.

                        *s/Michael B. Wallace*
                        MICHAEL B. WALLACE