IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**BILLIE FAYE KEYES, et al.**                                                      **PLAINTIFFS**

**V.**                                                            **CIVIL ACTION NO. 3:16cv228 CWR-LRA**

**PHILIP GUNN, et al.**                                                       **DEFENDANTS**

**REBUTTAL BRIEF IN SUPPORT OF
<u>MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM</u>**

To succeed in this action under 42 U.S.C. § 1983, plaintiffs must demonstrate "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." Their real claim, that defendants misapplied Miss. Code Ann. § 23-15-13 (Rev. 2015), does not constitute a violation of any federal right. Moreover, in resolving an election contest under the authority granted by Miss. Const. art. 4, § 38 (1890), defendants properly applied § 23-15-13 as interpreted in *Rush v. Ivy*, 853 So. 2d 1226 (Miss. 2003). Plaintiffs have therefore failed to state a claim.

**ARGUMENT**

**I. THE FIFTH CIRCUIT PRECLUDES RELIEF FOR "EPISODIC" MISAPPLICATION OF STATE LAW.**

Plaintiffs seem to understand that the scope of federal protection for the right to vote is defined by *Gamza v. Aguirre*, 619 F.2d 449 (5th Cir. 1980). Unfortunately, they fail to understand *Gamza*.

Plaintiffs cite *Gamza* for the proposition that "the Constitution of the United States protects the right of all qualified citizens to vote, in state as well as in federal elections," and that there is also a "concomitant right to have their votes counted." Memo. at 3, quoting 619 F.2d at 452. However, the Court went on to state that "the constitutional right . . . is not absolute and is properly

limited by respect for the political and federal framework established by the Constitution. This framework leaves the conduct of state elections to the states." *Id*., at 453. Further, the *Gamza* Court stated that the "'right to vote' must be understood as a narrow substantive right, conferred by the equal protection clause, 'of a person to vote on an equal basis with other voters.'" *Id*., quoting *City of Mobile v. Bolden*, 446 U.S. 55, 78 (1980). Even "the unlawful administration by state officers of a non-discriminatory state law, 'resulting in its unequal application to those who are entitled to be treated alike, is not a denial of equal protection unless there is shown to be present in it an element of intentional or purposeful discrimination." 619 F.2d at 453, quoting *Snowden v. Hughes*, 321 U.S. 1, 8 (1944).

The controlling distinction in *Gamza* lies "between state law and patterns of state action that systematically deny equality in voting, and episodic events that, despite non-discriminatory laws, may result in the dilution of an individual's vote." 619 F.2d at 453. Here, plaintiffs do not allege either that § 23-15-13 is unconstitutional or that defendants systematically apply it in an unconstitutional fashion. They simply allege "an episodic election irregularity," *id*., at 454, in which defendants misapplied the statute. Under the test expressed in *Gamza*, they have failed to allege the violation of a federal constitutional right, and they therefore fail to state a claim for relief under § 1983.

## II.  DEFENDANTS PROPERLY FOLLOWED MISSISSIPPI LAW.

If defendants properly followed Mississippi law in resolving the election contest brought before the House, they cannot possibly have violated any federal right of plaintiffs. That is what the Fifth Circuit ruled in *Young v. Hosemann*, 598 F.3d 184 (5th Cir. 2010), when it rejected plaintiffs' proposed construction of Mississippi law. *Id.*, at 191-92. Plaintiffs make no argument to the contrary. If defendants properly applied § 23-15-13, plaintiffs lose.

In their vain attempt to distinguish *Rush*, plaintiffs never come to grips with its application of § 23-15-13. Memo. at 17. They observe that Miss. Code Ann. § 23-15-14 has since been repealed, but they do not recognize that the Supreme Court held § 23-15-13 to be controlling. 853 So. 2d at 1234. Even though § 23-15-14 required any Belzoni resident who had registered to vote in Humphreys County to be placed on the city voting rolls, it did not relieve voters of the obligation under § 23-15-13 to make written request for a transfer of registration when moving between wards within the municipality. On the factual record presented, the Supreme Court agreed that the vote of one elector "was precluded pursuant to Miss. Code Ann. § 23-15-13." *Id*., at 1235. That is the principle of law which defendants applied to this election contest.

Plaintiffs appear to suggest that the holding of *Rush* has been undermined by subsequent amendments to other statutes, Miss. Code Ann. §§ 23-15-11 and -33 (Rev. 2015). While those statutes address the qualifications of voters, neither of them purports to relieve a voter from the duty to change his registration to the precinct of his new residence, as § 23-15-13 requires. In any event, repeals and amendments by implication are not favored under Mississippi law. *Buckel v. Chaney*, 47 So. 3d 148, 158 (Miss. 2010); *Belk v. Bean*, 247 So. 2d 8221, 827 (Miss. 1971). Defendants committed no error in obeying the teaching of *Rush*.

Finally, plaintiffs accuse Speaker Gunn of hypocrisy for taking a different position in an election contest when he first ran for the House. Memo. at 18-19. Paragraph 21 of the complaint alleges that pleading to have been filed on September 16, 2003. The opinion in *Rush* had been issued only five days before and had not yet become final. *Rush* had been established law for over a dozen years when Speaker Gunn followed it in resolving this election contest.[1]

---

[1] Similarly, the Attorney General opinion upon which plaintiffs rely was issued in 1987, Memo. at 18, sixteen years before the *Rush* decision. They cite no opinion of any Mississippi official issued after the rendition of *Rush*.

3

Every once in a while, the simplest answer is the best.  Defendants got it right.  The claim against them must be dismissed.

## CONCLUSION

For the reasons stated herein and in defendants' original brief in support of their motion to dismiss for failure to state a claim, this complaint must be dismissed.

This 25th day of July, 2016.

        Respectfully submitted,

BY: *s/Michael B. Wallace*
MICHAEL B. WALLACE (MSB #6904)
WISE CARTER CHILD & CARAWAY, P.A.
Post Office Box 651
Jackson, Mississippi  39205-0651
Telephone: 601-968-5534
Fax: 601-944-7738
mbw@wisecarter.com

T. RUSSELL NOBILE
WISE CARTER CHILD & CARAWAY, P.A.
1105 30th Ave., Suite 300
Gulfport, Mississippi  39503
Telephone: 228-867-7141
Fax: 228-867-7142
trn@wisecarter.com

ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

I, Michael B. Wallace, do hereby certify that I have this day caused to be delivered the foregoing pleading or other paper to the following:

>John G. Corlew        (Via ECF Service)
>CORLEW MUNFORD & SMITH, PLLC
>P. O. Box 16807
>Jackson, MS 39236-6807
>jcorlew@cmslawyers.com
>
>William R. Ruffin    (Via U.S. Mail)
>P. O. Box 565
>Bay Springs, MS 39422-0565
>attywrr@bayspringstel.net

This the 25th day of July, 2016.

>*s/Michael B. Wallace*
>MICHAEL B. WALLACE